**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------X

SHAMEEKIA ALLEN,

       *Plaintiff,*

   -against-

UNITED CEREBRAL PALSY OF
NEW YORK CITY, INC. and
LOUELLA PURKETT,

       *Defendants*.

--------------------------------------------------X

**11 CV 8057 (CM)(KNF) (S.D.N.Y.)**

**PLAINTIFF'S REQUESTS**
**TO CHARGE**

      Plaintiff Shameekia Allen, by her attorneys, The Harman Firm, PC, pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Individual Rules of this Court, respectfully submits the following Requests to Charge, reserving the right to submit requests for additional or modified charges based upon the evidence actually adduced at trial and to conform with any rulings of law the Court may render during the course of these proceedings.

Dated: New York, New York
       November 12, 2012

               **THE HARMAN FIRM, PC**
               *Attorneys for Plaintiff*
               Walker G. Harman, Jr. [WH-8044]
               Kimberly S. Thomsen [KT-3226]
               200 West 57th Street, Suite 900
               New York, New York 10019
               (212) 425-2600
               wharman@theharmanfirm.com
               kthomsen@theharmanfirm.com

**Requested Instruction Number 1**

**Conduct of Jurors**

This is an important case, as are all cases that come before judges and juries, because all cases involve the rights and interests of individuals or entities.

You are to conduct your duty as jurors in an atmosphere of complete fairness and impartiality, without bias for or against the Plaintiff or Defendants.  The fact that the Plaintiff is an individual and the Defendants are a corporate entity as well as an individual should not affect your decision in any way.  All persons and entities, whether big or small, are entitled to the same fair and conscientious consideration that you would give to individual persons.  All parties stand as equals before the bar of justice.

You are to approach your duties coolly and calmly, without emotion and without being influenced by sympathy or prejudice for or against any party.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.

Similarly, the parties are entitled to a trial free from prejudice.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**Requested Instruction Number 2**

**Role of the Jury**

Your role is to decide and pass upon the fact issues in this case.  You are the sole and exclusive judges of the facts.  You determine the weight of the evidence.  You appraise the credibility of the witnesses.  You determine the reasonable inferences to be drawn from the evidence or lack of evidence and you resolve whatever conflicts you may find in the testimony.

With respect to any factual matters, your recollection alone governs.  Anything said by any counsel with respect to matters in evidence, whether while questioning witnesses or during argument, may not be substituted for your own recollection or evaluation of the evidence.  So, too, anything that I may have said during the trial or may say during these instructions as to any factual matter is not to be taken in place of your own recollection or judgment.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences out of the hearing of the jury.  These are issues of law, which I must decide.  You should not show any prejudice against an attorney because the attorney made objections or requested conferences, or asks for a ruling on the law.

During the trial, I have been called upon to make rulings on various questions.  There may have been objections, or motions may have been made to strike the answers.  You are to disregard all these matters.  You are to disregard the fact that an objection was made and sustained or overruled or that conferences took place.  These are matters of law, and although you may be curious about them, you should not consider them.

Of course, if at any time I instructed you to disregard anything that was said, then you must follow that instruction and pay no attention to the testimony in your deliberations.  Similarly, if I instructed you that certain evidence was received for a limited purpose, and then you must follow my instructions in that regard.

The fact that, at other times, I may have commented during the course of trial or asked questions of witnesses does not indicate any feeling of mine about the facts one way or the other.  I have no such feelings, and my comments were intended only to clarify the issue at hand.  Even

if I had feelings on the matter, which I do not, it would be your judgment of the evidence that exclusively governs.

**Requested Instruction Number 3**

**Nature of Evidence**

The evidence that you are about to consider consists of the testimony of the witnesses who appeared before you, together with documents and other things that have been received into evidence.  Exhibits which were marked for identification but were not received into evidence are not to be considered by you as evidence.

The law recognizes two types of evidence, direct evidence and circumstantial evidence. Direct evidence is a person's testimony of what the witness actually saw or heard, or what the witness learned or knew from the use of the witness's own senses.

Circumstantial evidence consists of proof of facts and circumstances from which, on the basis of common, ordinary experience, a person may reasonably infer the existence of a particular fact.  Such evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the claim must be established by the party bearing the burden of proof on that particular claim.

Let me give you an example of circumstantial evidence.  Suppose that this courtroom had no windows, so you could not see what the weather was like, and when you came to court in the morning, it was a fine, sunny day.  The trial proceeds for two or three hours, and then the door of the courtroom opens and in comes a person wearing a dripping raincoat and carrying a dripping umbrella.  You cannot see or hear what the weather is like outside, but from your observation of this person with the dripping raincoat and umbrella, you may draw an inference about what has happened to the weather outside.  This is an example of circumstantial evidence.  It consists of

circumstances from which, by common experience, one may reasonably infer an ultimate fact sought to be established.  I have spoken of inferences to be drawn from the evidence.  An inference is the deduction or conclusion that reason and common sense cause a reasonable mind to draw from facts that have been proven by the evidence.  Just because a conclusion is logically possible does not make it a legitimate or fair inference.  Only when the mind is reasonably led or directed to a particular inference by the direct or circumstantial evidence in the case is it a fair inference.  Whether or not to draw a particular inference is, of course, a matter exclusively for you to decide, as are all determinations of fact.

**Requested Instruction Number 4**

**Credibility of Witnesses**

It is entirely up to you as judges of the facts to determine the credibility, or believability, of the witnesses.  Your determination of a witness's credibility depends primarily upon the impression that witness made upon you as to whether or not the witness was giving an accurate version of what happened.  The degree of credibility to be given a witness should be determined by:

- The witness's demeanor;

- The witness's relationship, if any, to the controversy or to the parties;

- The witness's bias or impartiality;

- The reasonableness of the witness's statements; and

- The strength or weakness of the witness's recollection, viewed in the light of all the testimony and the attendant circumstances in the case.

You may ask yourself:

- "How did the witness impress me?"

- "Did the witness's version appear straightforward and candid?"

- "Did the witness try to hide some of the facts?" or,

- "Is there a motive of any kind to testify falsely or to shade the testimony offered?"

In other words, what you try to do is to "size the person up," just as you would do in any important matter in your own life when you are trying to determine whether a person is being truthful, candid and straightforward.

This is not intended to be an all-inclusive list. You may consider any factor that you believe bears upon a witness's credibility. If you do decide to accept a witness's testimony, after considering it in light of all the evidence in the case, then you may give it whatever weight, if any, that you find that it deserves. You may also accept certain parts of a witness's testimony, and reject other parts; if you determine that part of the testimony is credible and that part is not.

When you walk into a courtroom as jurors, you do not leave your common sense, your good judgment or your life's experience at the door. You carry those experiences and common sense with you into the jury box, and into the jury room during your deliberations. Please remember, however, that you may not use your experience and common sense to fill in or create evidence that does not exist. You use them only to draw reasonable inferences from proven facts or to weigh and evaluate the evidence, or lack of evidence, provided during the trial.

**Requested Instruction Number 5**

**Impeachment of Witnesses**

You have heard evidence that at some earlier time a witness has said or done something which counsel argues is inconsistent with the witness's trial testimony. Evidence of a prior

inconsistent statement by a witness not a party to this action is not to be considered by you as affirmative evidence in determining liability.  The evidence of the prior statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who is alleged to have contradicted themselves.  If you find that a witness made an earlier statement that conflicts with their trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

However, if the witness who is alleged to have made a prior inconsistent statement is a party to the action – either a Plaintiff or a Defendant – then, in addition to considering that prior statement in determining how much, if any, of the party's testimony to believe, you may also consider the prior statement itself to be evidence in the case, so long as you find that the prior statement was made knowingly.  A statement is "knowingly" made if it is made voluntarily and intentionally, and not because of mistake or accident or other innocent reason.  In other words, if you find that a party knowingly made a prior statement which is inconsistent with his or her trial testimony, then you are free to believe the party's trial testimony, or prior statement, or both, in whole or in part, or you are entitled to disregard the party's testimony in its entirety.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any weight to give the inconsistent statement in determining whether to believe all or part of the witness's testimony.  In making this determination, you may consider whether:

- The witness made a false statement purposefully or whether it was an innocent mistake;

- The inconsistency concerns an important fact, or whether it had to do with a small detail; and,

- The witness had an explanation for the inconsistency, and whether the explanation appealed to your common sense.

**Requested Instruction Number 6**

**False Testimony and Discrepancies**

If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is quite likely to testify falsely about everything.  You are not required, however, to consider such a witness completely unworthy of belief.  You may accept as much of the witness's testimony as you deem true, and disregard what you feel is false.

Evidence of discrepancies in a witness's testimony may also be a basis for you to disbelieve a witness.  On the other hand, discrepancies in a witness's testimony or between one witness's testimony and that of others does not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even truthful witnesses may be nervous and contradict themselves.  It is also a fact that two people who witness an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.  However, a willful falsehood is a matter of importance, and should be considered seriously.

After making your own judgment on these issues, you will give the testimony of each witness such weight, if any, as you think it deserves.  As I said earlier, you may accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the

testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

It is for you to decide, based on your total impression of a witness, how to weigh the falsehoods or discrepancies in that witness's testimony.  As always, you should use common sense and your own good judgment.

Finally, you should attach no significance to the fact that certain witnesses were called to testify by the Plaintiff and that other witnesses were called by the Defendants.  Likewise, no significance should be attached to the fact that a document or other exhibit was introduced by one party rather than another.  Every party is entitled to the benefit of any evidence tending to establish its contention, even though such evidence may have come from witnesses or documents introduced by another party.  That is true with respect to any contested issue of fact in the case.

**Requested Instruction Number 7**

**Interested Witness - Party Witness**

The Plaintiff and some of the Defense witnesses are "interested witnesses" in this case. An interested witness is not necessarily less credible than a disinterested witness.  The fact that a party is interested in the outcome of the case does not mean that a party has not told the truth.  It is for you to determine from a witness's demeanor on the stand and such other tests as your experience dictates whether or not any of the witness's testimony has been colored, intentionally or unintentionally, by interest.  You are at liberty, if you deem it proper under all the circumstances, to disbelieve the testimony of an interested witness, even though it is not otherwise impeached or contradicted.  However, you are not required to disbelieve such a witness, and may accept all or such part of that witness's testimony as you deem reliable, and

reject such part as you deem unworthy of acceptance.  As with every witness, it is for you to judge the credibility of the witness and to weigh their testimony accordingly.

**Requested Instruction Number 8**

**Interested Witness - Relationship to a Party**

The fact that certain of the witnesses have now or have had in the past some relationship to a party may be considered by you in determining whether the witness's testimony was in any way influenced by the relationship between the witness and the party.  Thus, the fact that Defendant Louella Purkett was employed by Defendant United Cerebral Palsy of New York City, Inc. may be considered by you in assessing the testimony of each witness.

Ms. Purkett and United Cerebral Palsy of New York City, Inc. are, of course, interested parties in this case, and you may find that the relationship between a witness and a party may mean that the witness has some interest in the case, even though the witness themself may not be a party to the action.  You should use the same criteria that I described before in judging the testimony of each witness, if indeed you find that the witness has any interest in the case.

**Requested Instruction Number 9**

**Burden of Proof**

Members of the jury, now that I have given you general instructions, I am going to instruct you on the law to be applied to the specific issues in this case, but first, I am going to explain the concept of "burden of proof."  The burden of proof in this civil case is by a preponderance of the evidence.  From television, books, and the movies you may have heard of something called proof beyond a reasonable doubt.  I remind you, however, that is the standard of proof in a criminal trial.  Since this trial is a civil case, that requirement does not apply and

you should put it out of your mind entirely.  I repeat that the burden of proof in this action, as a civil case, is by a preponderance of the evidence.

To establish something by a "preponderance of the evidence" simply means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means evidence which, when it is compared with the opposing evidence, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true.

If you find that the credible evidence on an issue is evenly divided between the parties, then you must decide the issue against the party who bears the burden of proof.  That is because where a party has the burden of proof, it must prove more than simple equality of evidence; it must prove the element at issue by a preponderance of evidence.  On the other hand, the party is not required to prove more than preponderance.  So long as you find that what a party claims has more convincing force and is more likely true than not true, then that element will have been proved by a preponderance of the evidence.  A party bears the burden of proving all the elements of the party's claim by a fair preponderance of the credible evidence.  In this case, the Plaintiff, Shameekia Allen, bears the burden of proof.[1]


**Requested Instructions Number 10**

**Substantive Law - Nature of the Action**

In Plaintiff's suit against United Cerebral Palsy of New York City, Inc. and Louella Purkett, Plaintiff alleges she faced discrimination based on her race while employed by United Cerebral Palsy of New York City, Inc. as Residence Program Specialist, or "RPS," which

---

[1] *Modern Federal Jury Instructions*, § 2.20.

discrimination she alleges, created a hostile work environment.   Plaintiff alleges that the discrimination also led to unlawful retaliation and to her illegal termination.  Plaintiff also claims that she complained about discrimination based on her race and was terminated, at least in part, for complaining about discrimination in the workplace.  Plaintiff alleges that the discrimination, hostile work environment, retaliation and unlawful termination were all in violation of Title VII of the Civil Rights Act and of the New York City Human Rights Law.  The question before you is whether Defendants Louella Purkett and United Cerebral Palsy of New York City, Inc. subjected Plaintiff to discrimination in the workplace based on her race, thereby creating a hostile work environment, and ultimately terminated Plaintiff in retaliation for her complaining about discrimination.

### Substantive Evidence Instruction

### Requested Instructions

The Plaintiff in this case is Shameekia Allen, a resident of Staten Island, New York.  Ms. Allen was a Residence Program Specialist, or RPS, from June 2009 to September 15, 2010.

The Defendants in this case are United Cerebral Palsy of New York City, Inc., a company that provides services for disabled persons, and Louella Purkett an individual employed by Defendant United Cerebral Palsy of New York City, Inc. and a resident of the State of New York.

### Requested Instruction Number 11

### Impartial Consideration of the Evidence

You must perform your duties as jurors without sympathy or bias towards either party. Under your oath as jurors, you must be guided solely by the evidence during the trial, without

regard to the consequences of your decision.  You must decide the issues of fact and reach a verdict based on the evidence, or lack thereof.  If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties in a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

### Requested Instruction Number 12

**All Parties Equal before the Law**

All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it will be given to you by the Court, and reach a just verdict, regardless of the consequences.  The fact that one of the Defendants in this case is a corporation must not affect your decision.  All persons and entities are equal before the law, and corporations are entitled to the same fair, impartial, and conscientious consideration that you would give any individual person.[2]

### Requested Instruction Number 13

**Adverse Inference Charge**

An act or omission is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  The Plaintiff does not need to show that the Defendants intended to deprive her of her constitutional rights.  Rather, Plaintiff only need prove that the acts or omissions actually intended by the Defendants had the effect of depriving Plaintiff of her federal rights or rights under New York City Human Rights Law.  In determining whether the Defendants acted with the requisite

---

[2] Adapted from *Sand, et al.* and *Modern Federal Jury Instructions, Civil*, instruction 72-1 (2006).

knowledge, you should remember that although witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Requested Instruction Number 14**

**Discrimination Charge**

Plaintiff bases her lawsuit on Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law.

Race discrimination claims brought pursuant to Title VII and the City Human Rights Law are analyzed using a three-step burden-shifting framework.

- First, that the Plaintiff was part of a protected class;

- Second, that Defendants knew about Plaintiff's membership in the protected class; and,

- Third, that the Defendants took adverse action against her and that a causal connection existed between the protected class and the adverse action.

Employment claims brought under the New York City Human Rights Law for race discrimination are analyzed using the same framework as Title VII but are characterized as having a uniquely broad and remedial purpose.[3]

---

[3] *Williams v. New York City Hous. Auth.*, 61 A.D.3d 62 (N.Y. App. Div. 1st Dep't 2009).

**Requested Instruction Number 15**

**Hostile Work Environment Charge**

In order for a plaintiff to maintain a claim based on hostile work environment, the Plaintiff must prove the following by a preponderance of the evidence:

1. The Plaintiff was a member of a protected class;

2. The Plaintiff was subject to discrimination and/or harassment including retaliation based on her race in that she was treated less well than she would have been in the absence of racial bias;

3. The discrimination and/or harassment including retaliation complained of was based, at least in part on race;

4. The charged discrimination and/or harassment including retaliation had the effect of unreasonably interfering with Plaintiff's work performance and creating an intimidating, hostile or offensive work environment; and,

5. The Defendants Louella Purkett and United Cerebral Palsy of New York City, Inc. are responsible for the acts of discrimination and/or harassment, including retaliation, to which the Plaintiff was subjected.

The City Human Rights Law imposes liability for harassing conduct that does not qualify as "severe or pervasive," and questions of "severity" and "pervasiveness" are applicable to consideration of the scope of permissible damages, but not to the question of underlying liability.[4]

---

[4] *Zustovich v. Harvard Maint., Inc.,* 73 Fed. R. Serv. 3d 462 (S.D.N.Y. 2009).

**Requested Instruction Number 16**

**Retaliation Charge**

Title VII makes it unlawful for an employer to retaliate against a person because that person has engage in a protected activity under the statute.  To establish a *prima facie* claim of retaliation, a plaintiff must show that:

1. She engaged in a protected activity under Title VII;

2. She suffered a materially adverse action contemporaneously with, or subsequent to that protected activity; and,

3. There was a causal connection between such protected activity and the adverse action.

If a *prima facie* case is established, then the burden shifts and the Defendants must articulate a legitimate, nondiscriminatory reason for the adverse action.  Once the Defendants have dispelled the inference of retaliation by establishing a legitimate, nondiscriminatory reason, the Plaintiff can still prevail if she demonstrates the articulated reason was a mere pretext for discrimination.[5]

To show retaliation under the New York City Human Rights Law, Plaintiff must demonstrate that:

1. She participated in a protected activity;

2. The Defendants were aware of that protected activity;

3. She suffered an action that would be reasonably likely to deter a person from engaging in a protected activity;[6] and,

---

[5] *Purrington v. University of Utah*, 996 F.2d 1025 (10th Cir. 1993); *Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993).

[6] *Selmanovic v. NYSE Group, Inc.,* 2007 U.S. Dist. LEXIS 94963 (S.D.N.Y. 21 Dec. 2007).

4.   A causal connection exists between the protected activity and the adverse action.

In order to prove that she engaged in a "protected activity," Plaintiff must establish that she complained about conduct made unlawful under applicable employment laws (such as complaining about workplace discrimination) and that, when she made this complaint, she was acting under a good faith, reasonable belief that a violation of federal, state or local employment law existed.  Plaintiff need not prove the merits of the underlying discrimination complaint.  She must prove that she subjectively believed that Defendants were engaged in unlawful employment practices and that her belief, although perhaps mistaken, was objectively reasonable in light of the facts and record presented.[7]

**Requested Instruction Number 17**

**Pretext**

If the Defendants have satisfied the burden of production by proffering evidence tending to show a non-discriminatory reason for the challenged action, then the Plaintiff may introduce evidence that the Defendants' articulated reason for their action was nothing more than a pretext for retaliation.  In other words, the Plaintiff may introduce evidence to show that the Defendants' reason is not the true reason why the Defendants took adverse action against the Plaintiff, that such reason is unworthy of belief and the true reason for the adverse action was retaliation.

If the Plaintiff proves that United Cerebral Palsy of New York City, Inc. or Louella Purkett were responsible for discharging her and that the reason given by United Cerebral Palsy of New York City, Inc. and Louella Purkett were not the actual reason for the termination of Plaintiff's employment, but rather, a fabricated reason, you may, but need not, infer unlawful

---

[7] *Clark County School District v. Breeden*, 532 U.S. 268, 121 S. Ct. 1508 (2001); *Watson v. E.S. Sutton, Inc.*, 2005 WL 2170659 at * 8 (S.D.N.Y. Sept. 6, 2005).

retaliatory intent from a combination of the evidence offered to establish the elements of a *prima facie* case and the falseness of the reason given by Defendants.  Ultimately, if you determine that Defendants involuntarily discharged Plaintiff, you must determine whether you disbelieve Defendants' explanation for Plaintiff's discharge and whether Plaintiff has proven that her race was a motivating factor in the termination of her employment.[8]

When you consider the Plaintiff's evidence that the reason advanced by the Defendants is a pretext, keep in mind that the relevant question is whether the Defendants' reason was not the real reason for their action.  The law protects employees from conduct designed to deprive them of rights created under applicable employment laws, it does not, however, impose liability on an employer for misjudgments respecting an employee's conduct.  The Defendants would be entitled to make their decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated even in part by unlawful discrimination.[9]  However, you may consider whether the Defendants' reason is merely a cover-up for discrimination.  You also should carefully evaluate any subjective reasons the Defendants have asserted for taking the action against the Plaintiff that it did in deciding whether the Plaintiff has met her burden of proof.

---

[8] *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003).

[9] *Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2d Cir. 1988); *Smith-Barrett v. Potter*, 541 F. Supp. 2d 535, 541 (W.D.N.Y. 2008); *Foxworth v. Am. Bible Soc'y*, 2005 U.S. Dist. LEXIS 16105 (S.D.N.Y. July 28, 2005); *Crawford-Mulley v. Corning Inc.*, 194 F. Supp. 2d 212, 222 (W.D.N.Y. 2002); *Molin v. Permafiber*, 2002 U.S. Dist. LEXIS 23674 at *7 (S.D.N.Y. Dec. 5, 2002); *Walker v. AT&T Technologies*, 995 F.2d 846, 849 (8th Cir. 1993) (reversible error to refuse business judgment instruction in an employment discrimination case).

**Requested Instruction Number 18**

**Recklessness**

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether the Defendants acted with the requisite recklessness, you should again remember that there is no way of looking into people's minds.  You must therefore look to what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

**Requested Instruction Number 19**

**Gross Negligence**

An act is grossly negligent if it evidences the want of even scant care, or an extreme departure from the ordinary standard of conduct.  Gross negligence generally signifies more than ordinary inadvertence or inattention, but less perhaps than conscious indifference to the consequences.   The Defendants cannot insulate themselves by remaining ignorant of any problems in the face of a duty to investigate.

Similarly, if Defendants failed to take action because their investigation of the facts was slipshod, or as a result of their indifference to the Plaintiff's rights, such conduct may be considered gross negligence.[10]

---

[10] *Fargo v. San Juan Bautista*, 857 F.2d 638, 1988 U.S. App. LEXIS 12717 (9th Cir. 1988); *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987); *On Torts*, § 34, at 212 (Prosser and Keeton, 5th Ed. 1984).

**Requested Instruction Number 20**

**Individual Liability for Aiding and Abetting against Purkett**

In addition to her claims against United Cerebral Palsy, under New York City law only, Plaintiff seeks to recover from Louella Purkett personally for "aiding and abetting" in what she contends was the unlawful discriminatory conduct committed by United Cerebral Palsy of New York City, Inc.  In order for Plaintiff to recover against an individual defendant for "aiding and abetting" discrimination in the workplace, Plaintiff must first establish that the principal defendant – in this case, United Cerebral Palsy of New York City, Inc. – is liable for the alleged unlawful conduct.  In other words, Plaintiff must first prove that United Cerebral Palsy of New York City, Inc. engaged in the unlawful conduct alleged in this case – namely, race discrimination, retaliation and hostile work environment harassment.  If Plaintiff has not proven the aforementioned claims against United Cerebral Palsy of New York City, Inc., then there can be no individual liability on the part of Ms. Purkett.

If you find that United Cerebral Palsy of New York City, Inc. is liable to Plaintiff on some or all of the aforementioned claims, you must then consider whether Mr. Purkett is individually liable for "aiding and abetting" the unlawful conduct of United Cerebral Palsy.  To establish individual liability on the part of Ms. Purkett, Plaintiff must prove that she actually participated in the unlawful acts, if any, attributable to United Cerebral Palsy.  This requires Plaintiff to prove that Ms. Purkett shared the alleged discriminatory intent and purpose of United Cerebral Palsy, such that Ms. Purkett intended to aid in unlawful discrimination by United

Cerebral Palsy.   In this regard, you should consider whether Ms. Purkett directly and purposefully participated in any discriminatory conduct.[11]

**Requested Instruction Number 21**

**Deliberations of the Jury**

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree; your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  You should not, however, surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times, that you are not partisans.  You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.  You all took an oath when this case started that you would – without any fear or favor to any party to this lawsuit – consciously and truthfully try the issues before you according to the evidence as you determine it

---

[11] *Goldschmidt v. N.Y. State Affordable Hous. Corp.*, 380 F. Supp. 2d 303, 319-20 (S.D.N.Y. 2005); *Brice v. Security Operations Sys.,* 2001 U.S. Dist. LEXIS 1856 at *3-7 (S.D.N.Y. Feb. 23, 2001); *Nodelman v. Gruner & Jahr USA Publ'g*, 2000 U.S. Dist. LEXIS 5398 at *12 (S.D.N.Y. Apr. 25, 2000); *Mills v. George R. Funaro & Co.*, 2001 U.S. Dist. LEXIS 396 at *8 (S.D.N.Y. Jan. 18, 2001).

to be here in open court and I have no doubt that you will discharge your responsibility carefully and conscientiously.[12]

In arriving at a verdict in this case, under your oath as jurors, you must not permit sympathy, prejudice or emotion to influence you. You must put aside any personal feelings you may have about the parties in this case. You should be guided solely by the evidence presented during the trial without regard to the consequences of your decision. You are to perform your duties without bias for, or prejudice against, any party.[13]

**Requested Instruction Number 22**

**Compensatory Damages**

If you return a verdict for the Plaintiff, then you must consider the issue of actual damages, and must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct consequence of the conduct of the Defendants.

You shall award actual damages only for those injuries that you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the Defendants in violation of the provisions against discrimination, retaliation and/or hostile work environment pursuant to Title VII or the New York City Human Rights Law.

---

[12] *Federal Jury Practice and Instructions*, § 74.01 (Devitt, Blackmar and Wolff, 4th Ed. 1987).

[13] *Sand*, § 71.01.

**Requested Instruction Number 23**

**Back Pay and Front Pay**

- Back Pay

    Successful Plaintiffs under Title VII and the City Human Rights Law frequently receive back pay awards – *i.e.* awards of the amounts they would have received in salary and benefits from the date of the wrongful action to the date the wrongful action is rectified.  If you find unlawful discrimination under Title VII or the City Human Rights Law, you must award back pay.

- Front Pay

    In addition to back pay, courts have discretion, under Title VII and the New York City Human Rights Law to award front pay – *i.e.* the salary and benefits Plaintiff would have received from the date of the judgment to a reasonable date in the future, but for Defendants' unlawful conduct.[14]  Awards of front pay are appropriate to make injured Plaintiffs whole in those cases where the equitable relief of reinstatement is not feasible. If you find unlawful discrimination, you may award front pay.


**Requested Instruction Number 24**

**Mitigation of Damages**

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law requires the injured person to take advantage of reasonable opportunities she may have to prevent the aggravation of her injuries, so as to reduce or

---

[14] *Dunlap-McCuller v. Riese Org.*, 980 F.2d 153 (2d Cir. 1992).

minimize the loss or damage.   The law does not require that the injured person exert herself unreasonably or incur unreasonable expenses in an effort to mitigate damages.   The law imposes the same duty to mitigate damages on a person who claims she is injured due to other forms of discrimination, as on any other person claiming damages.

**Requested Instruction Number 25**

**Punitive Damages**

If you find for Plaintiff, you may assess punitive damages against Defendants.   The purposes of punitive damages are to punish defendants for their conduct and to serve as an example or warning to Defendants and to others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant.   You may assess punitive damages only if you find that the Defendants' conduct was in reckless disregard of Plaintiff's rights.   An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate a law.

Plaintiff must prove by a preponderance of the evidence that Defendants acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be discriminated or retaliated against.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.   Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice or sympathy toward any party.   In determining the amount of any punitive damages, you should consider the reprehensibility of Defendants' conduct as well as the impact of Defendants' conduct on Plaintiff.

Dated:  New York, New York
       November 12, 2012

                                    Respectfully submitted,


                                    _____
                                           s/
                                    Walker G. Harman Jr. [WH-8044]
                                    Kimberly S. Thomsen [KT-3226]
                                    THE HARMAN FIRM, PC
                                    *Attorneys for Plaintiff*
                                    200 West 57th Street, Suite 900
                                    New York, New York 10019
                                    (212) 425-2600
                                    wharman@theharmanfirm.com
                                    kthomsen@theharmanfirm.com