**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
SHAMEEKIA ALLEN,

       *Plaintiff,*

-against-

UNITED CEREBRAL PALSY OF
NEW YORK CITY, INC.
and LOUELLA PURKETT,

       *Defendants.*
------------------------------------------------------------X

**11 CV 8057 (CM)(KNF) (S.D.N.Y.)**

**PLAINTIFF'S PROPOSED**
**VERDICT FORM**

Plaintiff Shameekia Allen, by and through her attorneys, The Harman Firm, PC, hereby proposes the following questions for the jury verdict sheet.

**I. QUESTIONS REGARDING DISCRIMINATION**

    **A. Discrimination Based on Race under Title VII and the NYCHRL**

    Question 1: Has Plaintiff shown by a preponderance of evidence that Plaintiff is in a protected class?

    Answer: _____ ["Yes" or "No"]

    Question 2: Has Plaintiff shown by a preponderance of the evidence that she was qualified to hold her employment position?

    Answer: _____ ["Yes" or "No"]

Question 3: Has Plaintiff shown by a preponderance of the evidence that she suffered an adverse employment action?

Answer: _____ ["Yes" or "No"]

Question 4: If you answered "Yes" to the previous question, has Plaintiff shown by a preponderance of the evidence that the adverse employment action Plaintiff suffered gives rise to an inference of unlawful discrimination?

Answer: _____ ["Yes" or "No"]

Question 5: Has Plaintiff shown by a preponderance of evidence that she was subjected to discrimination in the workplace because of race?

Answer: _____ ["Yes" or "No"]

Question 6: Has Plaintiff shown by a preponderance of evidence that Plaintiff informed Defendants of the discrimination based on race?

Answer: _____ ["Yes" or "No"]

Question 7: Has Plaintiff shown by a preponderance of evidence that she faced an adverse employment action because she complained about discrimination based on her race?

Answer: _____ ["Yes" or "No"]

Question 8: Has Plaintiff shown by a preponderance of evidence that she was terminated from her position, at least in part, because of discrimination based on race?

Answer: _____ ["Yes" or "No"]

## II. QUESTIONS REGARDING THE HOSTILE WORK ENVIRONMENT

### A. Hostile Work Environment under Title VII

Question 9: Has Plaintiff shown by a preponderance of evidence that Plaintiff's workplace was permeated with discrimination based on race that was severe or pervasive enough to alter the conditions of her work environment?

Answer: _____ ["Yes" or "No"]


### B. Hostile Work Environment under the New York City Human Rights Law

Question 10: Has Plaintiff shown by a preponderance of evidence that Plaintiff has faced race discrimination in the workplace based on her race that altered the conditions of her work environment?

Answer: _____ ["Yes" or "No"]

**III. QUESTIONS REGARDING RETALIATION**

    **A. Retaliation under Title VII**

Question 11: Has Plaintiff shown by a preponderance of evidence that Plaintiff told Defendants that she suffered discrimination due to her race?

    Answer: _____ ["Yes" or "No"]

Question 12: Has Plaintiff shown by a preponderance of evidence that when Defendants learned of Plaintiff's complaints of discrimination they took adverse actions against Plaintiff?

    Answer: _____ ["Yes" or "No"]

Question 13: Has Plaintiff shown by a preponderance of evidence that there is a causal connection between Plaintiff informing Defendants of the discrimination in the workplace and the adverse actions taken against Plaintiff?

    Answer: _____ ["Yes" or "No"]

    **B. Retaliation under NYCHRL**

Question 14: Has Plaintiff shown by a preponderance of evidence that Plaintiff told Defendants that she was being discriminated against due to her race?

    Answer: _____ ["Yes" or "No"]

Question 15: Has Plaintiff shown by a preponderance of evidence that when Defendants learned of Plaintiff's complaints of discrimination they took adverse actions against Plaintiff?

    Answer: _____ ["Yes" or "No"]

Question 16: Has Plaintiff shown by a preponderance of evidence that there is a causal connection between Plaintiff informing Defendants of the harassment in the workplace and the adverse actions taken against Plaintiff?

Answer: _____ ["Yes" or "No"]

## IV. QUESTIONS REGARDING LIABILITY

### A. Discrimination

Question 17: Has Plaintiff shown by a preponderance of evidence that the company Defendant should be responsible for the discriminatory actions of individual Defendant Louella Purkett?

Answer: _____ ["Yes" or "No"]

### B. Hostile Work Environment

Question 18: Has Plaintiff shown by a preponderance of evidence that the company Defendant should be responsible for the hostile work environment created by individual Defendant Louella Purkett?

Answer: _____ ["Yes" or "No"]

### C. Retaliation

Question 19: Has Plaintiff shown by a preponderance of evidence that the company Defendant should be responsible for the retaliatory actions of individual Defendant Louella Purkett?

Answer: _____ ["Yes" or "No"]

Question 20: Has Plaintiff shown by a preponderance of evidence that the company Defendant should be responsible for the retaliatory actions of individual Defendant Louella Purkett?

Answer: _____ ["Yes" or "No"]

Question 21: Has Plaintiff shown by a preponderance of evidence that the company Defendant should be responsible for the illegal retaliatory termination of Plaintiff's employment?

Answer: _____ ["Yes" or "No"]

## V. QUESTIONS REGARDING DAMAGES

### A. Economic Damages

Question 22: Has Plaintiff shown by a preponderance of evidence that Plaintiff suffered economic damages as a direct result of the illegal retaliatory termination of Plaintiff's employment?

Answer: _____ ["Yes" or "No"]

Question 23: If your answer to the previous question is "Yes," how much economic loss was suffered by Plaintiff because of the illegal termination?

Answer: _____

Question 24: Has Plaintiff shown by a preponderance of evidence that Plaintiff suffered economic damages as a direct result of the illegal retaliatory termination of Plaintiff's employment and is entitled to front pay?

Answer: _____ ["Yes" or "No"]

Question 25: If your answer to the previous question is "Yes," how much economic loss was suffered by Plaintiff because of the illegal termination?

Answer: _____

**B. Non-Economic Damages**

Question 26: Has Plaintiff shown by a preponderance of evidence that Plaintiff suffered emotional injuries which arose from the discrimination she faced in the workplace?

Answer: _____ ["Yes" or "No"]

Question 27: If you answered "Yes" to the previous question, how much should Plaintiff be awarded for her emotional injuries?

Answer: _____

Question 28: Has Plaintiff shown by a preponderance of evidence that Plaintiff suffered emotional injuries which arose from the hostile work environment she faced in the workplace?

Answer: _____ ["Yes" or "No"]

Question 29: If you responded "Yes" to the previous question, how much economic loss was suffered by Plaintiff because of the hostile work environment?

Answer: _____

Question 30: Has Plaintiff shown by a preponderance of evidence that Plaintiff suffered emotional injuries which arose from the illegal retaliatory termination of her employment?

Answer: _____ ["Yes" or "No"]

Question 31: If you answered "Yes" to the previous question, how much should Plaintiff be awarded for her emotional injuries?

Answer: _____

**C. Punitive Damages**

Question 32: Has Plaintiff shown by a preponderance of evidence that Defendants acted intentionally towards her?

Answer: _____ ["Yes" or "No"]

Question 33: If you responded "Yes" to the previous question, how much should Plaintiff be awarded in punitive damages for Defendants' intentional conduct.

Answer: _____ ["Yes" or "No"]

Dated: New York, New York
November 12, 2012

By: _____s/_____
Walker G. Harman, Jr. [WH-8044]
Kimberly S. Thomsen [KT-3226]
THE HARMAN FIRM, PC
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com
kthomsen@theharmanfirm.com

To: Sean Close, Esq.
Adriana Kosovych, Esq.
PUTNEY, TWOMBLY, HALL & HIRSON LLP
*Attorneys for Defendants*
521 5th Avenue
New York, New York 10175
(212) 682-0020
sclose@putneylaw.com
akosovych@putneylaw.com